UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:09-cv-00445-VAB |
| v. | : | |
| | : | |
| PAUL E. CICCONE, PAUL E. CICCONE | : | |
| d/b/a PC PROPERTIES, ELM RIDGE | : | |
| DEVELOPMENT, LLC, and MIGUEL | : | JULY 7, 2015 |
| MARTINEZ | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF DECISION ON MOTIONS IN LIMINE

**I.     INTRODUCTION**

On October 2, 2014, the Court instructed the parties to file a Joint Trial

Memorandum attaching motions *in limine* along with memoranda of law concerning any

anticipated evidentiary problems.  (ECF No. 75 at 4.)   The parties filed their Joint Trial

Memorandum (ECF No. 79) on November 6, 2014 and attached five motions *in limine*.

For the reasons stated below, Plaintiff's two motions (ECF No. 79-6) are GRANTED and

Defendants' three motions (ECF No. 79-7) are DENIED without prejudice.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Vermont Mutual Insurance Company ("Vermont Mutual") issued to Karen

Ciccone and Defendants Paul E. Ciccone ("Ciccone") and Elm Ridge Development, LLC

("Elm Ridge") (together, the "Named Insureds") a business owner's insurance policy for

the period March 1, 2007 through March 1, 2008 (the "Policy").  Under the Policy,

Vermont Mutual agreed to defend the Named Insureds against any suit alleging bodily

injuries caused by an occurrence within the coverage territory during the effective period

of the Policy, and to indemnify the Named Insureds with respect to any liability arising from such a suit.  However, Vermont Mutual's obligations under the Policy were subject to certain exclusions that included workers' compensation, employer's liability, and professional services.

In August 2007, during the effective period of the Policy, Defendant Martinez fell from the roof of a building upon which he was working and sustained injury.  The building was owned or occupied by Ciccone and/or Elm Ridge and located within the Policy's coverage territory.  According to the Complaint, inspectors from the Occupational Safety and Health Administration ("OSHA") arrived at the premises on the same day to investigate the accident and interviewed Ciccone.  OSHA prepared a report (the "OSHA Report") following the visit.  According to the Complaint, the OSHA Report indicates that Ciccone made various statements tending to show that he was Martinez's employer at the time of the accident.

Martinez filed a workers' compensation claim against Ciccone d/b/a PC Properties and Elm Ridge in or about January 2008 (the "Workers' Compensation Action") and filed a personal injury lawsuit against Ciccone, Ciccone d/b/a PC Properties, and Elm Ridge (the "Ciccone Defendants") in Connecticut Superior Court in December 2008 (the "State Court Action").

Vermont Mutual commenced this declaratory judgment action on March 19, 2009 seeking declarations that it is not obligated under the Policy to defend or indemnify the Ciccone Defendants with respect to the Workers' Compensation Action or the State Court Action.  On summary judgment, the Court dismissed those counts of Vermont Mutual's complaint seeking declarations that Vermont Mutual was not obligated to

defend the Ciccone Defendants in the State Court Action.  *See Vermont Mut. Ins. Co. v. Ciccone*, 900 F. Supp. 2d 249, 274 (D. Conn. 2012).

Vermont Mutual contends that (i) the Policy's exclusion for liability under "Workers' Compensation and Similar Laws" means there is no defense or indemnity coverage for the Workers' Compensation Action; (ii) the Policy's exclusion for "Employer's Liability" means there is no indemnity coverage for the State Court Action because Martinez was acting as Ciccone or Elm Ridge's employee at the time of his injury; and (iii) the Policy's exclusion for "Professional Services" means there is no indemnity coverage for the State Court Action because Ciccone and/or Elm Ridge were providing supervisory, inspection, or engineering services in connection with the roofing project.  (ECF No. 79-4 at 2.)  The parties contest whether these three exclusions apply to bar coverage in this case.

Contested issues of fact include whether Martinez was acting as an employee of Ciccone and/or Elm Ridge at the time of his injury and whether Ciccone and/or Elm Ridge were acting in a supervisory role in connection with the roofing project. Furthermore, Defendants maintain that the exclusions on which Vermont Mutual relies are ambiguous, and that the parties did not intend to exclude from coverage services that an insured provides to itself.  (ECF No. 79-4 at 4-5.)

## III.   DISCUSSION

### A.   Standard of Review

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.

1996).  Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-1955 VLB, 2013 WL 3280013, at *3 (D. Conn. June 27, 2013).  Courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

### 1.    Motion in Limine #1 – Vermont Mutual's Motion to Preclude Any Reference to the Ciccone Defendants' Lack of Assets

Plaintiff moves to preclude all evidence related to the Ciccone Defendants' lack of assets on the grounds that such evidence (i) is not relevant, (ii) is inadmissible under Fed. R. Evid. 411, and/or (iii) would cause undue prejudice and/or mislead the jury. (ECF No. 79-6 at 2, 6-8.)  Defendants have not opposed this motion.

This motion is GRANTED.  Evidence related to Defendants' assets is not relevant because the amount of Defendants' assets is not a fact of consequence in determining this action.  Fed. R. Evid. 401; *see also Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991) (noting that evidence of defendant's ability to pay is normally not admitted during liability and compensatory damages phase of case).  The questions presented in this case are limited to whether an employer-employee relationship existed and whether certain of the Policy's coverage exclusions apply.  Evidence related to Defendants' assets or Defendants' ability to compensate Martinez for his injuries would not assist the jury in resolving any of those questions.

### 2.    Motion in Limine #2 – Vermont Mutual's Motion to Preclude Any Reference to the Nature and Extent of Martinez's Injuries

Plaintiff moves to preclude all evidence related to the nature and extent of Martinez's injuries and medical treatment on the grounds that such evidence (i) is not relevant and (ii) would cause undue prejudice and/or mislead the jury.  (ECF No. 79-6 at 11, 15-17.)  Defendant Martinez objects on the grounds that Martinez's injuries are "important contextually" because they prompted the need for coverage and because they influenced the statements that Ciccone made to OSHA at or near the time of the accident.  (*See* ECF No. 80 at 1.)  Martinez further contends that any potential prejudice can be cured with a limiting instruction advising the jury that Martinez's injuries are relevant only to explain the circumstances under which Ciccone made his comments to OSHA.  (ECF No. 80 at 1.)

This motion is GRANTED.  The nature and extent of Martinez's injuries and/or medical treatment is not a fact of consequence in determining this action, which is concerned with only the limited questions of whether an employer-employee relationship existed and whether certain of the Policy's coverage exclusions apply. Evidence of Martinez's injuries is not relevant to those questions.  Fed. R. Evid. 401.  To the extent that Defendants seek to offer such evidence to impeach the credibility of Ciccone's prior statements to OSHA, the Court concludes that the probative value of the evidence would be substantially outweighed by the dangers of unfair prejudice and misleading the jury.  Fed. R. Evid. 403.

### 3.    Motion in Limine #3 – Defendant's Motion to Preclude Statement of Ramon Martinez

As an initial matter, the Court notes that Defendant Martinez's "Motions in Limine and Memorandum of Law" (ECF No. 79-7) is a four-page document containing scarce citations to legal authorities.  The document states that Defendant Martinez intends to

supplement with "more elaboration and legal authority," (ECF No. 79-7 at 2), but Martinez has not done so in the several months since the document's filing and has not replied to Plaintiff's objections to his motions *in limine*.  The Court set forth the procedure and timeline for submitting and opposing motions *in limine* in its October 2, 2014 order (ECF No. 75), and will take the papers as submitted.

Defendant Martinez moves to preclude a statement of his brother, Ramon Martinez, and translation thereof on the grounds that the statement and translation are (i) attorney work product and/or (ii) inadmissible hearsay.  (ECF No. 79-7 at 2.) Specifically, Martinez asserts that the statement in question was taken by an investigator at the direction of Martinez's counsel in anticipation of litigation and is therefore work product.  (*Id.*)  Further, Martinez argues that the statement is hearsay and not subject to any exception to the general hearsay rule.  (*Id.*)  Finally, Martinez contends that the translation is not sufficiently reliable because there are no indications of the translator's qualifications and because Defendant Martinez's counsel obtained the translation merely to "get a general idea of what was being said" and the translation was not intended to be used in court.  (*Id.*)

This motion is DENIED without prejudice.  Martinez has not provided sufficient information regarding the contents of the statement and the circumstances of its taking for the court to make a determination as to its potential work product status.  In addition, Martinez argues that the statement is hearsay, but does not explain what matter is asserted in the statement, the truth of which the statement would be offered to prove, and the Joint Trial Memorandum does not help in this regard.  According to the Joint Trial Memorandum, the parties continue their efforts to subpoena Ramon Martinez.  If

6

Ramon Martinez attends trial, his recorded statement may be unnecessary.  However, if the parties are unable to secure Ramon Martinez's attendance at trial, then Defendants may renew this motion as prescribed at the end of this order.

4.      **Motion in Limine #4 – Defendant's Motion to Preclude Deposition and/or Statement of Javier Rivera**

Defendant Martinez moves to preclude the deposition and/or statement of Javier Rivera on the grounds that the deposition was a discovery deposition that counsel for Martinez did not attend and is inadmissible hearsay.  (ECF No. 79-7 at 4.)

This motion is DENIED without prejudice.  Martinez argues that the deposition and statement are hearsay, but does not explain what matter is asserted in the deposition and statement, the truth of which the deposition and statement would be offered to prove.  Moreover, the parties continue their efforts to subpoena Mr. Rivera.  If Mr. Rivera attends trial, his deposition and statement may be unnecessary.  However, if the parties are unable to secure Mr. Rivera's attendance at trial, then Defendants may renew this motion as prescribed at the end of this order.

5.      **Motion in Limine #5 – Defendant's Motion to Preclude OSHA Report**

Defendant Martinez moves to preclude the OSHA Report on the grounds that it contains hearsay, contains opinions and conclusions, and that Vermont Mutual never disclosed the OSHA representatives as expert witnesses.  (ECF No. 79-7 at 4-5.)

This motion is DENIED without prejudice.  Martinez argues that the OSHA Report contains hearsay, but does identify which portions he contends are hearsay and does not explain any matter(s) asserted in the OSHA Report, the truth of which the OSHA Report would be offered to prove.  Martinez provides no legal authorities to

support his contentions that the OSHA Report should be excluded because it contains

"opinions and conclusions" and because Vermont Mutual did not disclose OSHA

representatives as expert witnesses.  The court grants Martinez leave to renew this

motion as prescribed at the end of this order.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motions *in limine* are GRANTED and

Defendant's motions *in limine* are DENIED without prejudice.

Any renewal of any motion *in limine* denied without prejudice shall be filed on or

before August 10, 2015.  Any such motion shall identify with particularity the evidence

that is the subject of the motion, and shall be accompanied by a separate memorandum

of law explaining the asserted grounds for preclusion and citing applicable authorities.

Oppositions must be submitted on or before August 17, 2015.  The Court will hear

argument on any outstanding motions *in limine* during the final pre-trial conference set

for August 24, 2015.


SO ORDERED at Bridgeport this seventh day of July 2015.


 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

8