UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERMONT MUTUAL INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 3:09-cv-00445-VAB |
| v. | : : | |
| PAUL E. CICCONE, PAUL E. CICCONE d/b/a PC PROPERTIES, ELM RIDGE DEVELOPMENT, LLC, and MIGUEL MARTINEZ | : : : : : | AUGUST 21, 2015 |
| Defendants. | : | |

## RULING ON PLAINTIFF'S MOTION TO AMEND

### I. INTRODUCTION

Plaintiff, Vermont Mutual Insurance Company ("Vermont Mutual"), has moved to amend its Complaint to add a claim for piercing the corporate veil. For the following reasons, that motion is DENIED.

### II. ANALYSIS

While Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely give leave to amend when justice so requires, the Second Circuit has cautioned that "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party," *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "[T]he longer the

1

period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In determining whether undue prejudice will result, the Court must consider whether allowing amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.*

The Second Circuit has upheld district courts' decisions to deny leave to amend particularly where the motion to amend came on the eve of trial and raised new problems of proof. *E.g.*, *Bradick v. Israel*, 377 F.2d 262, 263 (2d Cir. 1967) (affirming denial of leave to amend where plaintiff moved to amend on the "eve of trial," more than four years after filing the original complaint, and after representing to the court that the case was ready for trial, and where the three new causes of action involved "novel theories of law with new problems of proof" and would result in substantial delay); *Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir. 2014) (finding no abuse of discretion where trial court denied leave to amend to raise new issue two weeks before trial, and noting that "[u]ndue prejudice arises when an amendment [comes] on the eve of trial and would result in new problems of proof.") (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)); *cf. Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (trial court abused discretion in granting leave to amend where defendant moved to add res judicata defense six days before trial and offered no compelling reason for its two-year-and-nine-month delay); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend

period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In determining whether undue prejudice will result, the Court must consider whether allowing amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.*

The Second Circuit has upheld district courts' decisions to deny leave to amend particularly where the motion to amend came on the eve of trial and raised new problems of proof. *E.g.*, *Bradick v. Israel*, 377 F.2d 262, 263 (2d Cir. 1967) (affirming denial of leave to amend where plaintiff moved to amend on the "eve of trial," more than four years after filing the original complaint, and after representing to the court that the case was ready for trial, and where the three new causes of action involved "novel theories of law with new problems of proof" and would result in substantial delay); *Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir. 2014) (finding no abuse of discretion where trial court denied leave to amend to raise new issue two weeks before trial, and noting that "[u]ndue prejudice arises when an amendment [comes] on the eve of trial and would result in new problems of proof.") (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)); *cf. Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (trial court abused discretion in granting leave to amend where defendant moved to add res judicata defense six days before trial and offered no compelling reason for its two-year-and-nine-month delay); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend

period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In determining whether undue prejudice will result, the Court must consider whether allowing amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.*

The Second Circuit has upheld district courts' decisions to deny leave to amend particularly where the motion to amend came on the eve of trial and raised new problems of proof. *E.g.*, *Bradick v. Israel*, 377 F.2d 262, 263 (2d Cir. 1967) (affirming denial of leave to amend where plaintiff moved to amend on the "eve of trial," more than four years after filing the original complaint, and after representing to the court that the case was ready for trial, and where the three new causes of action involved "novel theories of law with new problems of proof" and would result in substantial delay); *Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir. 2014) (finding no abuse of discretion where trial court denied leave to amend to raise new issue two weeks before trial, and noting that "[u]ndue prejudice arises when an amendment [comes] on the eve of trial and would result in new problems of proof.") (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)); *cf. Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (trial court abused discretion in granting leave to amend where defendant moved to add res judicata defense six days before trial and offered no compelling reason for its two-year-and-nine-month delay); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend

as "especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment."); *Krumme v. WestPoint Stevens, Inc.,* 143 F.3d 71, 88 (2d Cir. 1998) (same where "case was near resolution and discovery had been completed.").

This Court and others have denied leave to add a pierce the corporate veil claim where leave was sought after discovery or on the eve of trial. *E.g.*, *Team Mgmt., Inc. v. Filmline Techs., Inc.*, Civ. No. 3:92-647 (JAC), 1994 WL 91871, at *2 (D. Conn. Feb. 14, 1994) (Judge Cabranes denied leave to add new defendant and pierce the corporate veil theory where plaintiff's motion came at "the verge of the closing of discovery" and "pose[d] too great a risk that the defendants will be required to expend significant additional resources to conduct further discovery and prepare for trial and that the resolution of this dispute will be substantially delayed."); *Friend v. Remac Am., Inc.*, 924 F. Supp. 2d 692, 701 (N.D.W. Va. 2013) (despite the fact that trial was six months away, court found that leave to add pierce the corporate veil theory should be denied because motion came eight months after case was removed to federal court, the parties had already engaged in discovery and filed dispositive motions, and the new theory "would require the gathering and analysis of facts not already considered by the Defendant"); *United States v. Cochran*, No. 4:12-CV-220-FL, 2015 WL 171801, at *6-7 (E.D.N.C. Jan. 14, 2015) (denying leave to add pierce the corporate veil theory where trial was already underway, new claim would substantially change the nature and scope of the trial, defendants "had no reason to explore or prepare possible defenses" to the new theory, and plaintiff knew of evidence supporting its new theory during the course of discovery but unduly delayed in moving to amend); *Soaring Helmet Corp. v. Nanal,*

3

*Inc.*, No. C09-0789 JLR, 2011 WL 39058, at *4 (W.D. Wash. Jan. 3, 2011) (denying leave to add new defendant and pierce the corporate veil theory where trial was set to begin in "under a month" and movant did not act diligently in moving to amend).

This case presents the combination of undue delay and undue prejudice that warrants denying leave to amend.

As to undue delay, Vermont Mutual filed its Complaint in this action over six years ago.  Vermont Mutual admits that, as early as May 2010, Defendant Martinez alleged in the underlying state court action that Mr. Ciccone and Elm Ridge Development, LLC should not be treated as distinct legal entities.  ECF No. 106 at 4.  Thus, for at least five years, Vermont Mutual has been on notice of the possibility of pursuing a pierce the corporate veil theory in this action.  That possibility crystallized when the parties filed their Joint Trial Memorandum nine months ago.  In the Joint Trial Memorandum, Defendants objected to proposed jury instructions that "lump Mr. Ciccone and Elm Ridge together as if thought [*sic*] they were one legal entity."  ECF No. 79-2 at 5.  Vermont Mutual responded, "Martinez himself has carefully pled that all corporate entities in that case were mere sham fronts for Ciccone's acts and omissions."  *Id.*  Rather than diligently move to amend at the start of this case, or when this issue crystallized nine months ago, Vermont Mutual waited until twenty-one days before the start of trial.  Vermont Mutual has offered no reasons, much less compelling reasons, for its half-decade-long delay in seeking leave to amend.   "[A]mendments should be tendered no later than the time of pretrial, unless compelling reasons why this could not have been done are presented." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d

4

44, 47 (2d Cir. 1983) (quoting *Nevels v. Ford Motor Co.,* 439 F.2d 251, 257 (5th Cir. 1971)).

As to undue prejudice, given the length of Vermont Mutual's unexplained delay, "less will be required" of Defendants in showing undue prejudice. *Block*, 988 F.2d at 350. Defendants persuasively argue that, if amendment is allowed, they will need to expend significant additional resources to conduct discovery into the records of Elm Ridge Development, LLC and its observance of corporate formalities, and consult with financial experts. While it appears that Miguel Martinez made veil-piercing arguments in the underlying state court action, Defendants were never put on notice that Vermont Mutual would make such arguments in this action.

Furthermore, permitting amendment will delay the resolution of this action. Trial is set to begin in five days. As noted above, amendment will require additional time for reviewing corporate records and consulting with financial experts. Moreover, allowing Plaintiff to plead a new claim will give rise to motion practice aimed at summary dismissal of that claim. With the period for dispositive motion practice long passed, opening the doors to additional motion practice would not only prejudice the Defendants, but would also frustrate the Court in managing its docket. *See Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir. 2014) (concluding that addition of new claim would "prejudice defendant insofar as it required additional evidence and, possibly, motion practice.").

Finally, Defendants have already suffered prejudice to some extent. In the days immediately preceding trial, Defendants have had to divert time and resources to

responding to Plaintiff's motion to amend, and perhaps preparing a defense that will no longer be necessary in light of this Ruling.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend (ECF No. 106) is DENIED.

SO ORDERED at Bridgeport, Connecticut this twenty-first day of August, 2015.

                                                  /s/ Victor A. Bolden  
                                                 VICTOR A. BOLDEN  
                                                 UNITED STATES DISTRICT JUDGE